The majority in the present case erred in failing to afford greater weight to the expert testimonies of Pleas Blair Rogers Geyer, M.D., and Catherine Norton Dulmus, Ph.D., which support the plaintiffs' position that the defendant's agents deviated from the standard of care owed to the decedent in this matter. The majority chose to give little weight to the testimony of Dr. Geyer, an expert in child psychiatry and social work, because the majority found that, although Dr. Geyer practices in North Carolina, his hospital, or community, differs from the State-operated facility in which decedent was treated. Similarly, the majority gave little weight to the testimony of Dr. Dulmus, and expert in social work, chiefly because she had not practiced in North Carolina.
It is not necessary for a witness testifying as to the applicable standard of care in a medical malpractice action to have actually practiced in the same community as the defendant as long as the witness is familiar with the standard. Warren v. Canal Industries, Inc.,61 N.C. App. 211, 300 S.E.2d 557 (1983). Further, when there are no variations in the standards for the handling of a particular medical problem from one community to another, medical expert familiar with the standard and with the defendant's deviation from the standard is allowed to testify even though he has not been in a particular community. Howardv. Piver, 53 N.C. App. 46, 279 S.E.2d 876 (1981). In the present case, it is difficult to find that one's risk of suicide would be assessed differently in another community. Moreover, the North Carolina Supreme Court has held that, even if an expert is not familiar with the practices of the community in question, if the expert has knowledge of such procedures in similar localities within the state, the expert is qualified to give opinion as to whether procedures followed by a physician conformed to good medical practice in the community in question or similar communities. Wiggins v. Piver, 276 N.C. 134, 171 S.E.2d 393
(1970).
In the present case, Dr. Geyer and Dr. Dulmus, though not of the medical community in question, were of similar medical communities and had knowledge of the standard of care in similar localities. Both Dr. Geyer and Dr. Dulmus agreed that the defendant's agents deviated from the standard of care owed to the decedent, and their testimony to that effect should have been given greater weight.
In addition, this case highlights the current disgrace in the North Carolina mental health system. In the 1980s, the federal government pressed the State to follow the path of deinstitutionalization for mental patients. Although at the time this may have been seen as a progressive step to help patients remain connected to their communities, the effect in many cases has been devastating. It would appear that if the standard of care is as low as the defendant suggests, Dorothea Dix would be spinning in her grave. Though resources are inevitably strained, this case, and others like it, cries out for a remedy by any, if not all, of the three branches of government.
This 12th day of August 2005.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER